IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

    Constance S. Francis,                    CASE NO: 3:15-bk-02224-PMG

    Debtor,
_____/

    Robert Altman, Chapter 7 Trustee,      ADVERSARY NO.: 3:15-ap-294-PMG

    Plaintiff,

vs.

    Hillsboro-Harpeth Corporation,
    a Florida Corporation,

    Defendant.
_____/

## ANSWER

Comes now the Defendant, Hillsboro-Harpeth Corporation, and answers the complaint filed by the Plaintiff and states:

1. The Defendant admits the allegations of paragraphs 1, 2, 3, 4, 5, and 6 of Plaintiff's complaint.

2. Defendant denies the allegations of paragraph 7 of Plaintiff's complaint and would state that all of the money to purchase this property was furnished by Defendant, and the property was held by the Debtor, Constance S. Francis, in a resulting trust. (See *In re Todd*, 391 B.R. 504 (Bankr.S.D.Fla. 2008)).

3. The Defendant admits the allegations of paragraph 8 of Plaintiff's complaint.

4. The Defendant admits that Moreau Estes is president of the Defendant, but denies that

he was the boyfriend of the Debtor at the time of the transfer.

5. Defendant is without knowledge as to the allegations of paragraphs 10, 11, and 12 of Plaintiff's complaint, and therefore denies same.

6. Defendant admits the allegations of paragraph 13 of Plaintiff's complaint.

7. Defendant admits the allegations of paragraph 14 of Plaintiff's complaint.

8. Defendant responds to paragraph 15 of Plaintiff's complaint by incorporating his responses to paragraphs 1 through 13 of Plaintiff's complaint.

9. Defendant denies the allegations of paragraph 17 of Plaintiff's complaint and would show that all of the consideration for the purchase of this property came from the Defendant. The transfer from the Debtor to the Defendant was a transfer from the resulting Trust in which the Debtor held this property to the Defendant, the beneficiary of the Trust. See *In re Todd*, supra.

10. Defendant is without knowledge as to the allegations of paragraph 18 of Plaintiff's complaint, and therefore denies same.

11. Defendant admits the allegations of paragraph 19 of Plaintiff's complaint.

12. Defendant admits the allegations of paragraph 20 of Plaintiff's complaint.

13. Defendant responds to paragraph 21 of Plaintiff's complaint by incorporating his answers to paragraphs 1 through 13 of Plaintiff's complaint.

14. Defendant admits the alligations of paragraph 22 and 23 of Plaintiff complaint.

15. Defendant denies the allegations of paragraph 24 of Plaintiff's complaint and would show that all of the consideration for the purchase of this property came from the Defendant. The transfer from the Debtor to the Defendant was a transfer from the resulting Trust in which the Debtor held this property to the Defendant, the beneficiary of the Trust. See *In re Todd*, supra.

16. Defendant is with out knowledge as to the allegations of paragraph 25 of Plaintiff's

complaint and therefore denies same.

17. Defendant responds to paragraph 26 of Plaintiff's complaint by incorporating his reponses to paragraphs 1 through 13 of Plaintiff's complaint.

18. Defendant denies the allegations of paragraphs 27 and 28 of Plaintiff's complaint for the reasons set forth in Defendant's responses to paragraphs 17 and 24 of Plaintiff's complaint.

Dated this 1st day of October, 2015.

                                        */s/ Edward P. Jackson*
                                        **EDWARD P. JACKSON**
                                        255 North Liberty Street, 1st Floor
                                        Jacksonville, Florida 32202
                                        (904) 358-1952
                                        (904) 358-1288 (fax)
                                        FLORIDA BAR #286648